IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2103-FL

| | | |
|---|---|---|
| THEODORE DONALD YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HARLEY G. LAPPIN, SARA REVELL; | ) | |
| AND TRACY W. JOHNS, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court upon the November 11, 2011, response to this court's notice to petitioner of its intent to recharacterize his habeas petition pursuant to 28 U.S.C. § 2241 as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Also before the court is plaintiff's pleading captioned "Subpoena to Fidelity Corp. and; Issuance of Subpoena Duces Tecum To the Depository Trust Corporation 55 Water Street, NY, NY. For the production of records" (DE # 8), which this court will construe as a motion to compel discovery. Respondent did not respond to petitioner's motion. In this posture, the matters are ripe for adjudication.

On October 5, 2011, this court issued an order providing petitioner with notice of the court's intention to recharacterize his pleading as an attempt to file a motion for relief pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375 (2003). The order further notified petitioner of the restrictions on second or successive § 2255 petitions, the one year limitation period, and the four dates in § 2255 to be used in determining the starting date for the limitations period. Finally, the

order notified petitioner that if he opposed the recharacterization of the motion, the court would rule upon the merits of the motion as filed. See id. at 383.

Petitioner responded that he opposed the recharacterization of his § 2241 petition, stating that he is not seeking relief pursuant to § 2241 or § 2255. Instead, petitioner requests that this court construe his filing as a petition for a writ of habeas corpus pursuant to the Suspension Clause of the United States Constitution.[1] U.S. Const., Art. I, sect. 9. Petitioner's pleading, however, is unclear and difficult to follow. Accordingly, the court allows petitioner the opportunity to particularize his response. Petitioner is directed to specifically state his grounds for habeas corpus relief and the remedy he seeks.

The court turns to petitioner's motion to compel discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2254 Cases, Rule 6(a); see McCain v. Garrity, No. 3:02CV435, 2002 WL 32362032, at *1 (E.D. Va. July 16, 2002) (applying Rules Governing § 2254 petitions to § 2241 petitions), aff'd, 53 F. App'x 275 (4th Cir. Dec. 20, 2002). Additionally, "[a] party requesting discovery must provide reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery is DENIED.

---

[1] The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

In summary, petitioner's motion to compel discovery (DE # 8) is DENIED. Petitioner is ALLOWED twenty-one (21) days to particularize his response as directed above. Failure to respond to this court's order will result in dismissal of this action without prejudice.

SO ORDERED, this the 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge